IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELY HOLDINGS LTD. and GREENLITE GLASS SYSTEMS, INC., ) ) ) Plaintiff, ) ) vs. ) O'KEEFFE'S, INC., d/b/a SAFTIFIRST, ) ) Defendant. ) | Case No. 19 C 4428 |

**ORDER ON CROWN CORR INC.'S MOTION TO QUASH SUBPOENA**

Crown Corr Inc. has moved to quash a subpoena for record served by Saftifirst in connection with a lawsuit pending in the Northern District of California in which it has been sued by Ely Holdings Ltd. and Greenlite Glass Systems, Inc. The matter is fully briefed, and the Court being fully advised, it rules as set out below.

1. The Court sustains Crown Corr's objections to document requests 1, 2, 3, 5, 7, 10, and 18. These requests largely seek materials sent by or to Ely and Greenlite and thus duplicate requests Saftifirst has made or could make in the underlying lawsuit. If these materials are relevant, it is reasonable to believe that they will be produced in by the plaintiffs or that the judge presiding over the case will order their production. It is unreasonable to impose the burden of producing such documents on a non-party like Crown Corr. To the extent these requests seek documents "referring to" the plaintiffs, they are unreasonably overbroad.

2. The Court sustains Crown Corr's objections to document requests 9 and 11, which seek communications that it had with Saftifirst. Saftifirst obviously already

has access to its communications to or from Crown Corr. It does not need to obtain them from Crown Corr.

  3. Saftifirst has failed to establish a reasonable need for "documents sufficient to identify" Crown Corr employees involved on certain projects, so the Court sustains Crown Corr's objections to requests 6 and 8.

  4. Requests 4 and 12, in which Saftifirst seeks all documents concerning any fire-resistive/fire-resistant floor system for the Transbay Terminal Project, and all documents concerning any decisions regarding the floor system at that project, are overly broad in light of other requests the Court is upholding in this order. The Court sustains Crown Corr's objection to these requests.

  5. The Court overrules Crown Corr's objections to requests 13, 16, and 19, in which Saftifirst seeks documents concerning the Buy America requirements for the Transbay Terminal Project, bids for the project, and the selection of Greenlight to supply floor systems or components for that project. Saftifirst has sufficiently established the relevance of these materials, and Crown Corr's objections lack merit. Crown Corr is to produce these documents by no later than August 6, 2019.

  6. Requests 14 and 15, in which Saftifirst seeks "all documents concerning the manufacture" and "all documents concerning the approval" of fire-resistive/fire-resistant floor materials and components, are worded in an overly broad manner in view of Crown Corr's status as a non-party. These requests are unduly burdensome, and the Court sustains Crown Corr's objections to them. The Court also sustains Crown Corr's objection to request 17, which seeks documents concerning negotiation of payments to Greenlite. Saftifirst has not established the relevance of these documents or its need to

obtain them from Crown Corr given that it can request and (if deemed relevant by the presiding judge) obtain them from Greenlite.

7. Given the limited number of Saftifirst's requests that the Court has sustained (three of them), the Court overrules Crown Corr's request for reimbursement or its expenses, as Crown Corr has made no effort to show that compliance with these requests will impose any significant expense. In addition, it appears to the Court that the confidentiality of any documents produced by Crown Corr will be adequately protected under confidentiality orders entered by the judge presiding over the underlying lawsuit.

Date: July 22, 2019

_____
MATTHEW F. KENNELLY
United States District Judge